ORIGINAL

KTC:EB
F.# 2007R00334

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JAMES GRIBBON,

           Defendant.

- - - - - - - - - - - - - - - - - X

I N F O R M A T I O N

Cr. No._____
(T. 18, U.S.C., §§ 371 and
3551 et seq.)

THE UNITED STATES ATTORNEY CHARGES:

### INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1. The defendant JAMES GRIBBON was employed as a sales manager for Oyster Bay Pump Works, Inc., located at 78 Midland Avenue, Hicksville, New York 11801 ("Oyster Bay Pump").

2. Oyster Bay Pump is a manufacturer, supplier and exporter of precision liquid dispensers and integrated systems for automating microplate processing, including microplate processing and test tube coating systems.

### INTERNATIONAL EMERGENCY ECONOMIC POWERS ACT

3. The International Emergency Economic Powers Act ("IEEPA"), and the regulations issued thereunder, authorized the President of the United States (the "President") to declare national emergencies and impose economic sanctions against foreign countries that pose a threat to the national security and foreign policy of the United States.

4.   Pursuant to the Export Administration Act of 1979 as amended (the "EAA"), and the regulations issued thereunder, the Secretary of the United States Department of Commerce (the "Commerce Department") was authorized to require licenses for the export of certain goods and technology that would make a significant contribution to the technological or military potential of other countries or that were controlled for foreign policy reasons.

## THE IRANIAN EMBARGO

5.   On March 15, 1995, the President, acting by Executive Order 12959, pursuant to IEEPA, declared a national emergency with respect to Iran, finding that the policies and actions of the Government of Iran constituted a threat to the national security of the United States due to Iran's support of international terrorism and its attempts to acquire weapons of mass destruction.

6.   On May 6, 1995, the President declared a trade embargo against Iran, prohibiting the transfer from the United States of any goods, technology or services, with limited exceptions for publications, other informational material, and donated articles such as medical supplies intended to relieve human suffering (the "Iranian Embargo"). On August 17, 1997, the President signed Executive Order 13059, which reiterated and renewed the Iranian Embargo and remained in effect throughout the period relevant to this Information.

7. In September 1995, to implement the Iranian Embargo, the United States Department of Treasury (the "Treasury Department"), through the Office of Foreign Assets Control ("OFAC"), issued Iranian Transactions Regulations. These regulations prohibited the export of goods from the United States to Iran unless authorized by the Treasury Department. The regulations further prohibited any transaction evading or avoiding the Iranian Embargo, including the export of goods, technology and services from the United States intended or destined for Iran, either directly or through a third country.

8. In 1988, the Commerce Department also issued Export Administration Regulations pursuant to the EAA, which, in part, controlled the export of goods and technology to Iran.

9. Under both the Treasury and Commerce Department regulations, an individual was required to file an application for a license with, and receive approval from, OFAC or the Commerce Department to export, or attempt to export, any goods and technology from the United States to Iran. The issuance of a license required the applicant to provide information concerning, among other things, the goods to be exported, the monetary value of the goods, the identity of the purchaser and the identity of the end user if different from the purchaser.

10. In or about and between January 2000 and December 2006, the defendant JAMES GRIBBON, acting through Oyster Bay Pump, conspired to export to Iran microplate processing and test tube coating systems. The shipment of those commodities required

4

a separate, license from the Commerce Department or OFAC in order to be lawfully exported to certain countries. GRIBBON knew that the required license had not been obtained.

## COUNT ONE

11. The allegations contained in paragraphs 1 through 10 are realleged and incorporated as if fully set forth in this paragraph.

12. In or about and between January 2000 and December 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JAMES GRIBBON, together with others, did knowingly and willfully conspire to export from the United States to Iran items, to wit: microplate processing and test tube coating systems, without first obtaining the required validated export license from the Commerce Department or OFAC, in violation of Title 50, United States Code, Sections 1702 and 1705(b), Title 50, United States Code Appendix, Section 2410(a) and Title 15, Code of Federal Regulations, Section 764.2.

13. In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendant JAMES GRIBBON, together with others, committed and caused to be committed, among others, the following:

5

OVERT ACTS

a.  On or about November 27, 2006, JAMES GRIBBON assisted in causing seven crates containing microplate processing and test tube coating systems to be picked up at Oyster Bay Pump by a trucking company.

b.  On or about November 27, 2006, JAMES GRIBBON assisted in causing the trucking company to transport the seven crates to a warehouse in Farmingdale, New York.

c.  On or about November 27, 2006, JAMES GRIBBON assisted in causing the trucking company to transport the seven crates to a Lufthansa Cargo facility at JFK Airport for export first to the United Arab Emirates and then to Iran.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

FORM DBD.34
JUN.85

No. 2007R00334

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

THE UNITED STATES OF AMERICA

- against -

JAMES GRIBBON,

Defendant.

# INFORMATION

(T. 18, U.S.C., §§ 371 and 3551 et seq.)

A true bill.

_____
Foreman

Filed in open court this _____ day.
Of _____ A.D. 19 _____

_____
Clerk

Bail, $ _____

ELAINE D. BANAR, AUSA  (718) 254-6232